UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAN JOSE OMANA RANGEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-316 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Elian Jose Omana Rangel is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  He bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act, the equal protection principles incorporated within the Due Process Clause, and the Suspension Clause of the United States Constitution.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  In light of that decision, the Court ordered Petitioner to file a Statement in support of his claims. (Order, Doc. 3) Petitioner timely complied with the order. (*See* Statement, Doc. 4)

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable claim.

### I.    Due Process Claim

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A)

1 / 6

without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 89–101)  Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 4), but the Court finds the proposed distinctions unpersuasive.  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, including his length of residence within the United States and his prior release from immigration detention under Section 1226(a). (Pet., Doc. 1, ¶¶ 57–62)  But he presents no authority to support his claim that these circumstances present a viable as-applied due process challenge.  In addition, Section 1225(b)(2)(a) authorizes his continued detention, as *Buenrostro* recognized.

Petitioner further alleges, that having initially detained him under Section 1226, and through which he obtained release, Respondents cannot reclassify and detain him under Section

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

1225(b)(2)(A) without notice or other procedural protections, including a bond hearing. (Statement, Doc. 4, 2–3)

As *Buenrostro* explained, however, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 166 F.4th at 503. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 507.  Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising their authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since he entered the country without being admitted or paroled.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to him.  But no statutory or regulatory provision, and no constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision.  Here, Petitioner does not assert that he could make such a showing or that he was prevented from attempting to do so.

## II.    APA Claim

Petitioner relies on the APA, alleging that Respondents may not detain him under Section 1225 because they have failed to consider factors relevant to Petitioner's circumstances or provide a "reasoned explanation for [Respondents'] abrupt departure from decades of settled

administrative practice[,]" whereby individuals in Petitioner's position may have been detained under Section 1226. (Pet., Doc. 1, ¶ 110)

Assuming that Petitioner can present an APA claim in habeas, the claim fails. The Fifth Circuit has found the challenged statutory construction acceptable, and this Court has concluded that Petitioner has no viable due process claim. As a result, Petitioner cannot demonstrate that Respondents have violated any statute or regulation in a manner that violates the APA.

### III.    Equal Protection Claim

Petitioner alleges that he "is similarly situated, for custody purposes, to other noncitizens in [8 U.S.C. § 1229a] proceedings who have no criminal convictions and no record of violence or dangerous behavior. He has cooperated fully with immigration authorities since entering ICE custody. Yet Petitioner alone is categorically denied access to any individualized custody review." (Pet., Doc. 1, ¶ 117)  He claims that this alleged distinction violates the equal protection principles within the Fifth Amendment.

"Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017).  The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to those in exclusion proceedings, there is a rational basis for the distinction.").  While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat certain aliens

different from others.  In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508.  As a result, the Court finds that Respondents' policy does not violate equal protection principles encompassed by the Fifth Amendment.

## IV.    *Accardi* Claim

Petitioner alleges that his warrantless arrest was executed in excess of statutory and regulatory authority, mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). (Pet., Doc. 1, ¶¶ 137–147)  He supports this argument by observing that at the time of his arrest, "Petitioner was not evading law enforcement, posed no danger to any person or community, and presented no risk of flight[,]" placing his circumstances outside of the scope of 8 C.F.R. § 287.8(c)(2)(ii), which provides an exception to the warrant requirement for immigration arrests. (Pet., Doc. 1, ¶ 142)

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025).  But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).  The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the proposed *Accardi* claim.

## V.    Suspension Clause Claim

Petitioner asserts a claim based on the Suspension Clause. (Pet., Doc. 1, ¶¶ 126–136 )  That constitutional provision provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. ART. I, § 9, cl. 2.  Petitioner's cause of action based on this provision fails because the Court is considering Petitioner's habeas action–i.e., no suspension of the writ has occurred.  Notably, the Court has exercised jurisdiction over Petitioner's habeas action, but concluded that he presents no viable claim.  The Suspension Clause protects only access to the writ of habeas corpus,

an access that Petitioner has been afforded.  Other federal district courts considering similar claims based on the Suspension Clause have reached a similar conclusion. *See, e.g.*, *Ahmed v. S. La. Processing Ctr., et al.*, No. CV 26-0658, 2026 WL 1473759, at \*3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at \*3 (N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at \*1 (S.D. Tex. Apr. 21, 2026).

## VI.    Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to the relief that he requests.

Accordingly, it is:

**ORDERED** that Petitioner Elian Jose Omana Rangel's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 4, 2026.

Fernando Rodriguez, Jr.
United States District Judge